Argued November 24, affirmed December 18, 1969

# STATE OF OREGON, *Respondent, v.*
# DUANE OLIVER DODSON, SR.,
## *Appellant.*

462 P. 2d 692

*Edward Brekke,* Milwaukie, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Roger N. Rook, District Attorney, Oregon City.

LANGTRY, J.

Defendant was tried by jury and convicted under ORS 163.220, which provides:

"A person convicted of raping his sister * * * or his daughter or the daughter of his wife, shall be punished * * *."

The indictment charged him with rape of the daughter of his wife. In this appeal he contends that the state must prove that he was the stepfather of the alleged victim, and this was not done. In fact, he claimed she was his natural daughter. He also argues that ORS 163.220 is a penalty statute which does not define a crime, and that the trial court should have allowed his motion for a new trial because of newly discovered evidence, previously withheld by the state.

The allegations of the indictment accusing him of rape of the daughter of his wife were sufficient to charge a crime under ORS 163.220. Under the charge, it was not necessary for the state to either prove or negate his parentage of the child, although it was required to and did prove defendant was then married to the child's mother. The statute, with the aid

of the preceding section of Oregon Revised Statutes (ORS 163.210) which defines rape, defines a crime and is not simply a penalty statute.

■ The motion for a new trial was supported by defendant's attorney's affidavit alleging the discovery of new evidence in that after the case had been submitted to the jury a deputy district attorney had informed him the victim's clothes and the bedding on which the rape occurred had been tested for semen and none was found.

In closing argument, defendant's counsel argued long and forcefully about the failure of the state to produce any evidence on this exact point. In reply to this argument, the deputy district attorney said to the jury, "Well, it would be a rather silly thing for the state to bring in sheets and clothing and so forth that had nothing on them."

The evidence against the defendant was overwhelming. He had a fair trial.

Affirmed.